GRANT THORN and Others, Plaintiffs, *v.* AUSTIN SILVER MINING COMPANY and Others, Defendants.

Supreme Court, Trial Term, New York County, May 26, 1939.

*George P. Ferguson* [*Howard F. R. Milligan* of counsel], for the plaintiffs.

*Frank L. Miller*, for the defendants.

LAUER, J.   This action was instituted by the plaintiffs, as purchasers of stock of the Austin Silver Mining Company, a Nevada corporation.   The action is predicated upon the provisions of the Federal Securities Act of 1933, wherein a cause of action is created in favor of purchasers of securities where the issuers of the securities have failed to comply with the provisions of that act (Securities Act of 1933, § 11; U. S. Code, tit. 15, § 77k).

The plaintiffs contend that their rights accrue under subdivision (a) of section 11, which provides that in case any part of a registration statement covering a stock issue filed with the Securities Exchange Commission contains an untrue statement of a material fact or omits to state a material fact which is (1) required to be stated therein, or (2) necessary to make the statements contained therein not misleading, then any person acquiring the security (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may sue either at law or in equity to recover any loss sustained.

Under section 11, *supra*, civil liability is imposed upon the directors of the corporation issuing the securities, the underwriters of the issue and every officer or other person who signs an irregular registration statement with respect to the issue of securities.

The plaintiffs contend that the following defendants are liable by reason of the fact that during the period involved Austin Silver Mining Company was the issuer, Charles H. Sabin, Jr., was the president and a director of the issuer, Paul Klopstock was a director and chairman of the board of the issuer, as well as president of Klopstock & Company, the main underwriter, Max Winkler was a director of the issuer, Hugh Duffy was secretary and treasurer

of the issuer and a signer of the registration statement, and David R. Posner was a subunderwriter. The defendants Charwat and Wilkes herein were not served in this action and it appears that the defendant Mazzardri is not liable to the plaintiff as a matter of law.

The plaintiffs urge that the defendants against whom recovery is sought are liable for the omission to state material facts and the making of untrue statements of material facts in connection with items 25, 29 and 35 of a registration statement filed and which became effective in March, 1937. Part of the plaintiffs' stock was purchased after the registration statement was filed and the remainder was purchased after the registration statement was amended.

From the evidence on the trial it appears, among other things, that the main underwriter, Klopstock & Company, had made commitments and had granted options prior to the effective date of the registration statement, which commitments and options were not set forth in the registration statement. It is the defendants' position that the requirements of the registration statement were only such as demanded a disclosure of options or commitments in connection with the new issue of stock for which the registration statement was filed, and that options which were outstanding and could be met by stock out of prior registration need not have been stated. The defendants further urge that, since there was no proof by the plaintiffs that the options or commitments were to be met out of the proposed issue for which the registration statement above referred to was filed and since they were at all times in a position to issue the stock from stock already in their possession, there was no misrepresentation or omission of a material fact in the statement.

The defendants also urge that since some of the plaintiffs' stock was purchased after the amending of the registration statement in question, which amendments corrected some of the omissions and were known to the plaintiffs, the plaintiffs' claim was, therefore, vitiated. The plaintiffs offered proof in answer to this contention to the effect that no knowledge was had by them of the material omissions in the registration statement at the time of the additional purchases.

It is necessary to determine in the instant case whether or not the omissions were of such a " material " nature as to fall within the provisions of section 11 heretofore referred to. It appears that the options or commitments or at least some of them which existed at the time of the registration were not filled at the time of the registration but were filled from the new issue of stock.

In my opinion the language of item 25 requiring information in connection with the issue covered by this registration is broad

enough to require a disclosure of options or commitments outstanding by the issuer or underwriter. Such a disclosure must be regarded as connected with and material to the issue sought to be registered. Otherwise these options could be, as they were in the instant case, filled from the new issue of stock to the disadvantage and injury to subscribers of the new issue.

The very purpose of the Securities Act was to safeguard the investing public from fraudulent devices and tricks in the sale of securities. The law does not suffer deceit to be practiced by any trick or device. The path of the law which concerns itself with the sale of securities to the public and which is best evidenced by the enactment of the Federal Securities Act mandatorily binds the issuers and sellers of securities to present the whole truth rather than half truths to the public they seek to interest. That path must be followed in the instant case, otherwise the act would be rendered impotent.

The failure by the defendants to set forth the options and commitments which they claim to have been made prior to the filing of the registration statement herein considered enabled them to flood and dump upon the market stock at a lower price than that set forth in the registration statement as the price of the issue. The defendants were thus enabled to sell their own stock at a profit and at a price over their option and to control the market for Austin Silver Mining Company stock to the disadvantage of those stocl holders who were not in league with the defendants herein. I deem the failure to set forth in the registration statement these commitments and options as material misstatements and omissions. The fact that an amended registration statement was thereafter filed does not detract from the cause of action which accrued to the plaintiff under section 11, but rather strengthens the plaintiff's position that material omissions were made in the registration statement.

In accordance with the views heretofore expressed, judgment will be granted to the plaintiffs, pursuant to section 11, for the difference between the amount paid for the securities and the value thereof as of the time of the institution of this suit. Settle judgment on notice.